```
ANTHONY ASEBEDO (State Bar No. 155105)
MEEGAN, HANSCHU & KASSENBROCK
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA  95670
Telephone:  (916) 925-1800
Facsimile:  (916) 925-1265
```

Attorneys for the Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>BEEBE DIVERSIFIED, L.P.,<br><br>　　　　　　　　　　　　　Debtor. | Case No. 16-25618-C-11<br>Docket Control No. [n/a]<br><br>Status Conference:<br>Date:  November 29, 2016<br>Time:  10:30 a.m.<br>Dept:  C (Courtroom 35)<br>**Hon. Christopher M. Klein** |

### DEBTOR IN POSSESSION'S CHAPTER 11 STATUS REPORT

Beebe Diversified, L.P., as debtor in possession (the "Debtor"), hereby provides its Status Conference Statement to the court.

### I. HISTORY OF THE DEBTOR

On August 25, 2016 (the "Petition Date"), the Debtor filed its voluntary chapter 11 petition. No trustee has been appointed in the Debtor's case, and it continues to manage its assets as a debtor in possession.

The Debtor is a California limited partnership that was organized in 2011. It is in the business of construction contracting, generally as a subcontractor. Its business primarily involves commercial, industrial, and public work projects, local city and county street projects, and underground municipal utility projects. As of the Petition Date, the Debtor was working under several pending subcontracts and was actively seeking new work. As of the Petition Date, the Debtor employed approximately sixty persons.

In May 2016 a stipulated judgment was entered through which the Operating Engineers' Health and Welfare Trust Fund for Northern California and related entities (collectively, the "OETF") perfected a judgment lien against the Debtor's cash and receivables. The Debtor is aware of no other lien against the Debtor's cash and receivables. Ford Motor Credit ("FMC") and John Deere Construction and Forestry Company ("John Deere") hold perfected purchase-money security interests in certain of the Debtor's vehicles and equipment and proceeds thereof.

The Debtor's chapter 11 petition was precipitated by levies against bank accounts and receivables that were imposed under the judgment in favor of OETF. These levies caused the Debtor to lack the cash reserves necessary to pay ongoing business expenses, making the chapter 11 filing necessary to preserve business operations.

The general partner in the Debtor is Elizabeth Beebe, who manages the Debtor's operations. Management services are also provided by Loren Beebe, who is Elizabeth Beebe's husband. Elizabeth Beebe holds an ownership interest in other construction-related entities, including CivilWorks, L.P., a California limited partnership. Loren Beebe holds an ownership interest in Beebe Corporation, a California corporation, which was a construction contracting firm formed in 2003 and dissolved shortly before the Debtor was organized.

## II. THE CHAPTER 11 CASE TO DATE

At the outset of the chapter 11 case, the Debtor continued business operations on the same scale and scope as pre-petition. It filed an emergency cash-collateral motion (Docket Control No. MHK-1) on August 29, 2016, which motion requested authority to use cash collateral from the Petition Date through December 31, 2016. To date, the court has granted relief on an interim basis by way of four orders that govern the use of cash collateral up through November 30, 2016. Notice of a final hearing has been provided to creditors, and the hearing has been continued to November 29, 2016.

///

Also on August 29, 2016, the Debtor filed a motion to pay certain pre-petition priority wages to its employees, and to pay the associated payroll taxes and employee benefits (Docket Control No. MHK-2). The benefits were payable to the various union trust funds. The court granted the motion by way of an interim emergency order and a final order.

A Committee of Unsecured Creditors has been appointed in the Debtor's chapter 11 case. At a hearing on November 8, 2016, the court approved the Committee's employment of Christopher Hughes as its counsel.

By early October, the Debtor's efforts to collect existing accounts receivable were of limited success, and as a result the Debtor experienced further cash-flow problems when payments from customers on post-petition work were insufficient to meet all post-petition obligations, including payroll taxes. By late October 2016, the Debtor determined that its post-petition operations, which consisted of work that had been commenced pre-petition on five different projects, would not generate profits sufficient to justify completion of all such projects or the initiation of any new work that might be obtained. As such, the Debtor notified the Committee that it would wind down its operations. At this time, the Debtor is working only to wrap up minor work on projects that are to be completed before the end of the year, and the Debtor plans to stop work on one project that will be completed by another subcontractor to be selected by the general contractor. While the Debtor is contemplating a job for certain short-term work in Folsom, California, it would be only on a time-and-materials basis and could be commenced only if amounts of relevant expenses stated in the current cash-collateral order will permit such expenses to be paid.

On October 14, 2016, the landlord for the Debtor's storage and office premises in Rancho Cordova, California, filed a motion for relief from the automatic stay to evict the Debtor from those premises. The motion was withdrawn, however, just before the hearing on November 8, 2016, shortly after the Debtor brought post-petition rent payments current.

John Deere also filed a motion seeking relief from the automatic stay to repossess and dispose of equipment of the Debtor that was financed by John Deere. The motion is set to be heard on December 6, 2016. At this time, the Debtor is communicating with counsel for John Deere regarding a possible agreed disposition of collateral at auction, and the Debtor plans to discuss the same with FMC regarding its collateral, which consists of various trucks and work vehicles that were financed by FMC.

Finally, on November 9, 2016, IPFS Corporation, which financed premiums for several insurance policies that have continued in force post-petition, filed a motion for relief from the automatic stay. While IPFS alleges that it has not received any post-petition payments from the Debtor as adequate protection of its interest, the Debtor asserts that has made certain payments to IPFS, and plans to oppose the motion.

The Debtor is working to gather up its equipment and vehicles for disposition. The Debtor plans to seek this court's approval to employ Ritchie Brothers to conduct an auction of its unencumbered equipment and vehicles. If secured creditors agree and the court approves, the auction may include over-encumbered equipment, on the principle that a greater amount of auctioned equipment and vehicles at auction will generate more interest and bidders and therefore is more likely to generate higher returns for the estate. To the extent any equipment would be auctioned for the benefit of the secured creditors without generating funds for unsecured creditors of the estate, however, the estate would bear no expense in connection with the staging, preparation, and sale of such equipment or vehicles.

### III. TYPE OF PLAN

The Debtor anticipates that it will propose a plan of liquidation under which it will manage efforts to collect amounts due and will supervise the liquidation of assets having equity for the benefit of unsecured creditors.

///

///

## IV. CRAMDOWN

At this time, the Debtor anticipates that it will work to obtain confirmation of a plan under 11 U.S.C. § 1129(a).

## V. VALUATION OF ASSETS

The Debtor does not anticipate the need to obtain valuation of property under Federal Rule of Bankruptcy Procedure 3012.

## VI. CASH COLLATERAL & ADEQUATE PROTECTION

As noted above, the Debtor has obtained authority to use cash collateral consisting of the proceeds of accounts receivable, up through November 30, 2016, and a hearing is set for November 29, 2016 as to such use in December 2016. At this time, no orders have been entered requiring adequate protection payments to any secured creditor.

## VII. ADVERSARY PROCEEDINGS

At this time, the Debtor believes that litigation to collect sums owing on its accounts receivable, specifically the account owed by California Water Service Company ("Cal Water") may be necessary. The Debtor, however, has reached an agreement with Cal Water to resolve some of the outstanding issues between the parties, and a motion to permit Cal Water to pay certain claims against the estate (Docket Control No. MHK-5) is set to be heard on November 15, 2016.

## VIII. ENVIRONMENTAL ISSUES

The Debtor is not aware of any potential claims or litigation based on federal or state environmental laws.

## IX. OBJECTIONS TO CLAIMS

The claims bar date has yet to run in this case, and as such the Debtor does not know whether objections will be necessary.

## X. POST-CONFIRMATION SALES OF ASSETS

The Debtor will seek to sell its assets pre-confirmation, but if necessary any plan of liquidation would be drafted to permit post-confirmation sales as well.

## XI. PROFESSIONAL FEES

<u>Attorneys.</u> by way of an order dated September 19, 2016, the court approved the Debtor's employment of Meegan, Hanschu & Kassenbrock ("MHK") as its general bankruptcy counsel (Docket Control No. MHK-4). MHK holds no retainer or property of the Debtor, and has agreed to be paid on an hourly-fee basis, subject to this court's approval.

<u>Accountants.</u> If the Debtor finds it necessary to have the assistance of certified public accountants in this case, it will file an application for such employment.

<u>Other Professionals.</u> At this time, the Debtor anticipates that it seek to employ an auctioneer, as described above.

## XII. SMALL BUSINESS DEBTOR

The Debtor's case is not a small business case under 11 U.S.C. § 1121(e).

Respectfully submitted,

Dated: 11.14.16

BEEBE DIVERSIFIED, L.P.

By: *E. Beebe, General Partner*
Elizabeth Beebe
Its: General Partner

Dated: Nov. 14, 2016

MEEGAN, HANSCHU & KASSENBROCK

By: _____
Anthony Asebedo
Attorneys for the Debtor

aa:\Status Report 01